Weldon, J.,
delivered tbe opinion of-the court:
The claimant alleges that on the 12th of September, 1891, he was appointed and commissioned a paymaster in the Navy, and that he continuously held that office on the active list from that time until the 1st of February, 1891; that on the 18th of April, 1893, he received an order from the Secretary of the Navy to report for duty on the U. S. receiving ship Independence at Mare Island; that he so reported and became attached to said ship on the 1st day of May, 1893; that ho remained so attached until the 21st of October, 1893, and that his salary, while he was so attached, was $2,800 per annum; that he has been paid from May 1 to October 21,1893, at said rate only from May 1 to May 15,1893, and at the rate of $2,000 from May 15 to October 21,1893, and the further sum of $27.50, and that thereby he has been paid the sum of $320.99 less than he should have been paid.
The petition further alleges that on the 21st of October he was detached from the said ship and ordered to proceed home in arrest to await further orders; that in obedience to said order he did return home and so remained until the 1st of February, 1894, and was paid for said time at the rate of $2,000 only; that he should have been paid at the rate of $2,400 during said time, the difference being the sum of $112.88, and for those two sums — amounting to the sum of $433.87 — he brings suit.
The legal theory upon which the claimant bases his demand is, that from the 15th of May, 1893, to the 21st of October, 1893, he was entitled to sea pay, and from the latter date to the 1st of February, 1894, he was entitled to be paid at the rate of shore pay.
- The substance of the facts established by the evidence is as follows: The claimant was commissioned a paymaster in the Navy on the 12th of September, 1891; on the 18th of April, 1893, was ordered on duty on board the U. S. receiving ship Independence as a relief of Paymaster Eedfleld, in which order it is said, “This employment on shore duty is required by the public interest.” The claimant reported and became attached to said ship on the 1st of May, 1893. On May 15, 1893, by order of the Secretary of the Navy, claimant was suspended from duty and confined to the limits of the U. S. receiving ship Independence pending an investigation of his accounts; on July 14,1893, by order of the Secretary of the *404 Navy, the limits of the claimant in his arrest were extended so as to include Vallejo and San Francisco, Cal. On July 19,1893, claimant, by order of the Secretary of the Navy, was placed under arrest for trial in conformity to the 44th article of the Articles for the Government of the Navy; on the 20th of July; 1893, a court-martial convened, before which the claimant was placed on trial, and continued its session until the 19th of August, 1893, when it adjourned. On the 29th of August the Secretary of the Navy, at the claimant’s request, gave him permission to visit Washington to confer with his counsel and extended the limits of his arrest. In pursuance of that authority he came to Washington, and on the 14th of October, 1893, the Secretary wrote him as follows:
* * * “ You are hereby detached from the receiving ship Independence, will proceed to your home in arrest, and there await further orders.”
This order reached the Independence on October 21,1893, and went into effect on that date. On October 19,1893, the proceedings, findings, and sentence of the court-martial were approved by the Secretary and submitted to the President. On January 31,1894, the findings and sentence were confirmed by the President. On the 1st of February, 1894, he was notified by the Secretary of the findings and sentence and the confirmation by the Secretary, and President, that the sentence would take effect from that date, and from that date the claimant would cease to be an officer in the United States Navy.
These are in brief the facts as established by the evidence in this proceeding, and upon, these facts the claimant seeks a judgment for the sum of $433.87.
The more specific legal theory upon which the claimant seeks to recover is that from the 16th day of May, 1893, to the 21st of October he was iñ the performance of duty “ at sea,” and for such service he is entitled to recover at the rate of $2,800 per annum, and from the 21st of October, 1893, to the 1st of February, 1894, he was in performance of shore duty and entitled to recover at the rate of $2,400 per annum.
The statute regulating the pay of officers in the Navy is substantially as follows:
“ Sec. 1556. The commissioned officers * * * on the active list of the Navy of the United States * # * shall *405 to receive annual pay at the rates herein stated after their respective assignments. Paymasters * * * during the first five years after the date of commission, when at sea, $2,800; on shore duty, $2,400; on leave or awaiting orders, $2,000.”
In reply to a call upon the Treasury Department the following return was made:
“ The salary allowed and paid to the petitioner is, in the opinion of the accounting officers, strictly correct under section 1556 of the Revised Statutes. From May 1 to May 15, 1893, he was paid as on duty at sea, $2,800 per year; on May 16 he was relieved from duty and another officer ordered to act as paymaster of the ship. The uniform practice of the accounting officers in such cases is to allow only 1 toaiting-orders’ pay, the sea pay in the statute clearly meaning on duty at sea. From May 16 he has been paid $2,000 up to the date of his appearance before the court-martial by which he was tried. From July 25 to August 19,1893, while in attendance before the court, he has been paid at $2,400, or as ‘ on shore duty f and from August 20,1893, to February 1,1894, when he was dismissed, he has been paid at the rate of $2,000 per year; for this latter period he was at no time on any duty, and, under the statute, could not be paid as on 1 shore duty”
We make this extract from the return of the Treasury Department for the purpose of showing the manner and amounts of the payments, and the practice of the Department in the construction of the statute as to the rights of persons under the disability of suspension or arrest.
The practice of the accounting officers, as set forth in the return of the Treasury Department, becomes material in the light of what this court said in the case of Hotchkin (24 C. Cls. R.), cited by counsel for the defendants:
“The claim of the petitioner was settled on the basis of the construction given to the statute by the accounting officers of the Government from the enactment of the law, and such constructions are entitled to great consideration when the statute is to be judicially interpreted.”
See also Thompson (18 C. Cls., 605); Sehuetze (24 C. Cls., 300); and Swift & Co. (14 C. Cls., 481).
From the 16th of May to the 21st of October, 1893, when by order of the Secretary of the Navy claimant became detached, he was “at sea,” in this, to wit, he was on board a receiving ship under order of the Department, but was he at sea within the meaning of the law entitling him to sea pay? It is not the *406 mere being at sea wbicb. entitles an officer to sea pay, but it is being at sea in sucb a legal condition as entitles bim to tbe pay incident to tbat condition.
After bis suspension on tbe 16tb of May and bis formal arrest for tbe purposes of trial up to tbe time of bis dismissal, wbat was tbe legal condition of claimant?
While most of tbe time on tbe sea, to wit, on board tbe receiving ship, be was by bis own fault without duty and in tbe discharge of no functions; so far as public and efficient services were concerned be bad no participation in tbem, and would liave been guilty of a further offense if be bad attempted to exercise any of bis powers as an officer.
When an officer is suspended and ordered in arrest it is as much bis duty to obey as it is to perform or execute any other order requiring affirmative action. He ceases by order of bis superior officer to perform tbe active duties incident to bis office. He is not to do anything in tbe discharge of bis official obligations in tbe form of military duty until relieved of tbe •disability incident to bis arrest. He is “waiting orders” emphatically. Tbe official duties pertaining to bis position have been transferred to some other officer, and so far as the right to perform tbe duties of bis office goes be is functus officio.
Section 1571 defines wbat is sea service as follows:
“Bo service shall be regarded as sea service except sucb as shall be performed at sea under tbe orders of a department, and in vessels employed by authority of law.” •
From tbe time the claimant was suspended preliminary to bis formal arrest and trial be was not in tbe performance of any service except waiting orders, either to be restored to bis official duty, or put upon trial before a court-martial for tbe delinquency for wbicb be was suspended.
This view of bis condition may be safely taken without encroaching upon the investigation of tbe question whether be bad discharged his duty as a soldier in tbe spirit of tbe obligation of bis undertaking when be assumed tbe relation of paymaster to tbe defendants. Tbat question is not justiciable in this jurisdiction.
It is said in tbe Symonds Case (21 C. Cls. R., 148):
“If the claimant by the character of tbe service and bis situation with reference to tbe performance of bis duties comes *407 witbin the clause u at sea,” as used in section 1556 and explained in section 1571, then he is entitled to recover on the theory of his petition.”
From the time of the claimant’s suspension on the 15th day of May, 1893, to the 1st day of February, 1894, he performed no duty and received no orders, except such as were incident to the suspended relation; and to say that he was not during that time “ waiting orders ” would be to contradict the undisputed conditions of the claimant.
Some proof was offered in this proceeding tending to show that the claimant had fully settled with the Government, and that his dismissal did not result from an intentional defalcation; and while such evidence goes to his personal credit it does not relieve him from the legal consequence incident to his record as a paymaster.
Petition dismissed.